Mike Rodenbaugh
California Bar No. 179059
Marie McCann
California Bar No. pending
RODENBAUGH LAW
548 Market Street
San Francisco, CA  94104
(415) 738-8087

Attorneys for Plaintiff Virtual Point Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRTUAL POINT INC., a California corporation dba Captive Media,<br><br>Plaintiff,<br><br>vs.<br><br>HEDERA AB, a Swedish limited liability company,<br><br>Defendant. | Case No. 3:13-cv-5690<br><br>**COMPLAINT FOR:**<br><br>1. Declaratory Judgment of no Trademark Infringement, Unfair Competition, or violation of the Anticybersquatting Consumer Protection Act, and that Plaintiff is rightful holder of <Stabletable.com> domain name;<br><br>2. Common Law Unfair Competition; and<br><br>3. Unfair Competition Under Cal. Bus. & Prof. Code Sec. 17200<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Virtual Point Inc. dba Captive Media ("Plaintiff"), by its attorney, for its Complaint alleges:

## NATURE OF ACTION

This action seeks a declaratory judgment that Plaintiff's registration and use of its valuable domain name property <Stabletable.com> (hereinafter "the Domain Name") does

not constitute trademark infringement, unfair competition, or a violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that Plaintiff is the rightful registered name holder or registrant of the Domain Name.  This action also seeks relief for Defendant's bad faith actions constituting common law unfair competition and unfair competition in violation of California Business & Professions Code Sec. 17200 *et seq*.

## JURISDICTION AND VENUE

1.  Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a declaration and judgment regarding its rights and obligations in an actual controversy within this Court's jurisdiction, concerning Plaintiff's rights in and to the Domain Name.  Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark and cybersquatting laws of the United States.  Pendent jurisdiction exists over the state law claims.

2.  This Court has personal jurisdiction over Defendant because the Defendant has sufficient contacts with the State of California and this judicial District subjecting it to the general and specific personal jurisdiction of this Court pursuant to Cal. Code Civ. Pro. § 410.10.  Defendant has purposefully availed itself to this forum through general business presence and by demanding that Plaintiff cease use of the Domain Name and transfer same to Defendant.  Also, Defendant has consented to jurisdiction of the courts at the location of the principal office of the concerned registrar.  The Domain Name is registered with DynaDot LLC, whose principal place of business is located in San Mateo, California.

3.  Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant and because Plaintiff's claims arise from

Complaint - 2

Defendant's activities in this District, including its consent to jurisdiction and venue in this District.

### THE PARTIES

4. Plaintiff is a California corporation with its principal place of business in Irvine, California.

5. Plaintiff is a web development company who has developed several businesses and websites including without limitation: UDRPsearch.com, Gamex.com, CrosswordGames.com, Racex.com, Frip.com, Y10.com, ShakeItUp.com, and Dity.com.

6. Upon information and belief, Defendant Hedera AB is a Swedish limited liability company with its principal place of business at Stora Sodergatan 31, SE-222 23 Lund, Sweden.

7. Upon information and belief, Defendant is a company that offers self-stabilizing table bases that are primarily marketed and sold to hotels, restaurants, bars and cafes.

### FACTUAL BACKGROUND

#### Introduction

8. Domain Names are essentially Internet Protocol addresses that point and direct Internet users to their desired destination, and they are valuable pieces of property that many liken to the new "real estate" of our burgeoning virtual society. Domain name and website development is a legitimate and important industry. Plaintiff is a prominent and respected web development company.

9. In recent years, overreaching trademark owners have sought to capitalize on this thriving market by filing baseless trademark infringement lawsuits or taking advantage of the administrative system set up by ICANN (the California corporation that administers the Domain Name System ("DNS")), and using them to intimidate domain name holders into transfer; essentially to swipe valuable descriptive, generic, keyword and/or dictionary

Complaint - 3

domain names away from their rightful owners. These abusive lawsuits are threatening meaningful development of domain name and Internet investment and innovation.

    10.    Such is the situation that is before the Court in this Complaint. Defendant has already filed a Uniform Domain-Name Dispute Resolution Policy action, accusing Plaintiff of lacking a legitimate business interest in the Domain Name and registering the Domain Name in bad faith. Defendant has demanded the prompt transfer of the Domain Name from Plaintiff to Defendant.

    11.    These serious and baseless accusations and threats establish an actual controversy between the parties and thus Plaintiff requests that this Court grant declaratory and affirmative relief in its favor.

<u>The Domain Name Registration</u>

    12.    Plaintiff, dba CrossPath, created and registered the Domain Name <Stabletable.com> in good faith on or about November 24, 2007. Plaintiff subsequently changed their business name from CrossPath to Captive Media in 2012, but retained ownership and possession of the Domain Name property.

    13.    Defendant contacted Plaintiff on or about November 14, 2008, stating that Defendant was starting a new business and new name and was interested in purchasing the Domain Name from Plaintiff. Thus it appears that Plaintiff's registration of the Domain Name predates Defendant's business and use of the phrase StableTable by at least one year.

<u>The Use</u>

    14.    Plaintiff has not used the Domain Name in connection with goods or services related to those registered in connection with Defendant's mark, namely self-stabilizing table bases. Neither did Plaintiff register the Domain Name with the intent to sell it to Defendant. Plaintiff has never offered to sell the Domain Name to Defendant, except in response to Defendant's request to purchase the name. Nor has Plaintiff attempted to disrupt

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

the Defendant's business by confusing consumers trying to find the Defendant's website, or otherwise.

15. Content at the website has never been focused upon Defendant, Defendant's business, or Defendant's competitors, but instead currently resolves to a login page for customers.

<u>The Weak Trademark</u>

16. The term "StableTable" is composed of two dictionary words that are both commonly used in the English language in a large number of generic or descriptive ways, and also as a part of other companies' trademarks.

17. In fact, in an Office Action dated May 16, 2011, the US Patent and Trademark Office ("USPTO") ruled that Defendant's use of the term STABLETABLE was descriptive "because it merely describes a feature or characteristic of applicant's goods and services." As a result Defendant was required to disclaim the term STABLETABLE from their trademark -- and thus Defendant claims no exclusive rights to those words in the United States, yet nevertheless has filed an administrative proceeding against Plaintiff, seeking transfer of the Domain Name.

18. There are other active US trademark registrations, not owned by Defendant, that use the terms "Stable" and "Table" together, including STABLE TABLE (which has at least two live individual registrations owned by two different registrants who are not Defendant), and TABLE STABLE (which has at least one live individual registration owned by a registrant who is not Defendant).

19. There are some 242 active trademark records in the USPTO containing the word STABLE, virtually all of which are not owned by Defendant.

20. There are more than 1,100 active trademark records in the USPTO that contain the word TABLE, virtually all of which are not owned by Defendant.

21. There are hundreds of legitimate uses of the formatives "stable" together with "table" in trademarks, domain names and websites owned by third parties – in addition to STABLETABLE.COM -- including without limitation products such as a shooting bench, a portable lap desk and a breakfast serving tray.

22. Defendant does not own and cannot rightfully claim exclusive rights to use of the common words STABLE and TABLE, separate or apart, as used in a domain name, trademark or otherwise. At best, Defendant's trademark rights are weak and narrowly limited to the field of metal stabilizers for tables.

### Defendant's Activities That Create a Justiciable Controversy

23. On December 4, 2013, a representative for Defendant emailed Plaintiff a copy of a UDRP complaint filed with the World Intellectual Property Organization (WIPO), which accused Plaintiff of registering the Domain in bad faith and demanded prompt transfer of the Domain Name to Defendant.

24. On that same day, Plaintiff responded to Defendant's representative questioning the validity of the UDRP action, explaining that they were not using the Domain Name in an infringing matter. Plaintiff explained that they had received a communication from Defendant in 2008, where Defendant explained that they were looking for a domain for a new business and new name – a year after Plaintiff registered the Domain Name. Plaintiff also requested that Defendant inform Plaintiff of their affiliation with numerous other domain names containing the terms or a combination of the terms "Stable" and "Table".

25. On December 6, 2013, Defendant's representative did not provide information with regard to their affiliation with the additional domains in question.

26. Plaintiff responded two days later to Defendant's comments and to inquire whether Defendant's representative was authorized to accept service of process.

27. Plaintiff refuses to transfer its rightful property to the Defendant, or to anyone else.

28. Defendant's actions and communications show a clear intent to illegally obtain the Domain Name through inapposite administrative process, namely the UDRP action, which generally alleges similar elements as an ACPA claim under U.S. law, and which could form the basis of trademark infringement and/or unfair competition claims under U.S. law. Thus an actual, substantial and immediate controversy exists, justifying the declaratory relief that Plaintiff seeks.

<u>Defendant's Activities that Create a Claim for Unfair Competition</u>

29. Defendant produces and sells self-stabilizing table bases that are primarily marketed and sold to hotels, restaurants, bars and cafes.

30. Plaintiff has not used the Domain Name to offer any goods or services that are related to or compete with those of Defendant, nor for any other illegitimate purpose.

31. Defendant's accusations of trademark infringement are objectively specious and baseless, and have been made in bad faith in an effort to obtain ownership of the Domain Name.

**COUNT I:  CLAIM FOR DECLARATORY RELIEF**

32. Plaintiff realleges paragraphs 1-31 of this Complaint.

33. Plaintiff rightfully registered the Domain in good faith, and with no intent to sell the Domain Name to Defendant. Plaintiff had no intention of confusing any of Defendant's customers or diverting any traffic from Defendant's websites.

34. "Stable" and "Table" are common, generic, dictionary terms that are commonly used in many business names, trademarks and domain names. Defendant has no exclusive right to the use of the term "StableTable", or the words "Stable" and "Table" in a trademark, domain name or otherwise.

35. The USPTO has ruled that Defendant must disclaim any exclusive rights to the term STABLETABLE because it is merely descriptive as applied to Defendant's goods.

36. Plaintiff believed and had reasonable grounds to believe that the registration and its use of the Domain Name was and is lawful.

37. Defendant has initiated administrative proceedings, contending that Plaintiff used the Domain Name in violation of trademark and unfair competition laws.

38. A justiciable controversy exists between Plaintiff and Defendant.

39. To resolve this actual controversy, Plaintiff seeks a declaration and judgment that it is not infringing Defendant's trademark rights, that Plaintiff is not violating unfair competition laws and/or the ACPA, that its registration and use of the Domain Name is a good faith use, and that Plaintiff is the rightful owner of the Domain Name.

## COUNT II:  CLAIM FOR COMMON LAW UNFAIR COMPETITION

40. Plaintiff realleges paragraphs 1-39 of this Complaint.

41. Defendant has initiated administrative proceedings, contending that Plaintiff used the Domain Name in violation of trademark and unfair competition laws.

42. Defendant's wrongful and baseless accusations of infringement have created a cloud on Plaintiff's title to the Domain Name.

43. As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## COUNT III:  CLAIM FOR UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE SEC. 17200

44. Plaintiff realleges paragraphs 1-43 of this Complaint.

45. Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 of the California Business and Professions Code.

46. As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. a declaration that Plaintiff is not infringing the trademark rights of Defendant;

b. a declaration that Plaintiff is not violating unfair competition law;

c. a declaration that Plaintiff is not violating the ACPA;

d. a declaration that Plaintiff registered and used the Domain Name in good faith and is the rightful registrant of the Domain Name;

e. a finding awarding Plaintiff monetary compensation for damages sustained by Defendants' wrongful actions as alleged in this Complaint;

f. an award of reasonable attorneys' fees and expenses; and

g. such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that all issues in this case be decided by a jury.

Dated:       December 9, 2013                    RODENBAUGH LAW

By: _____
Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street
San Francisco, CA  94014
Tel/fax:  (415) 738-8087

Attorney for Plaintiff
Virtual Point Inc.

Complaint - 9