**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **VIRTUAL POINT, INC.**, dba Captive Media,<br><br>    Plaintiff,<br><br>    v.<br><br>**HEDERA AB**,<br><br>    Defendant. | Case No.: 13-CV-5690 YGR<br><br>**ORDER DENYING MOTION FOR ALTERNATE SERVICE WITHOUT PREJUDICE** |

Plaintiff Virtual Point Inc. ("Virtual") brings this complaint against Defendant Hedera AB ("Hedera"), a Swedish limited liability company, for declaratory judgment and unfair competition under California Business & Professions Code section 17200 as well as the common law. Virtual alleges that there is an actual controversy between it and Hedera in that Hedera has attempted to assert alleged ownership rights over the domain name "stabletable.com" by initiating administrative proceedings against Virtual. Virtual seeks, by this action, a declaration of no trademark infringement or violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA") on the part of Plaintiff, in addition to relief for unfair competition.

Virtual has filed a motion for alternative service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.

Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **DENIES** the Motion for Alternative Service without prejudice.

**I.   FACTS**

On December 4, 2013, Hedera's counsel emailed Virtual a copy of a Uniform Domain Name Dispute Resolution Policy ("UDRP") administrative complaint that Hedera filed with the World Intellectual Property Organization ("WIPO"), which accused Virtual of registering the domain name in bad faith. As part of the UDRP complaint, Hedera was required to list its own contact information and the contact information for its authorized representative. The UDRP

complaint listed, for Hedera, a physical address in Lund, Sweden, as well as a general email address (info@stabletable.se). The UDRP complaint also listed Hedera's authorized representative, counsel Susanne Lindeskog, her post office box address in Malmö, Sweden, and her email address. Lindeskog notified Virtual of the UDRP action by email from her email address, and communicated with Virtual's counsel via that address.

On December 10, 2013, Virtual filed the instant action. That same day, Virtual's counsel emailed Lindeskog with a copy of the complaint and summons for the action herein. Lindeskog responded that she was not authorized to accept service of process for her client, but at the same time inquired as to whether Virtual would consider a mutually-agreeable resolution of this and the UDRP complaint.

On December 17, 2013, Virtual's counsel sent a copy of the complaint and summons, along with a waiver of service, to Lindeskog's post office box address via U.S. First Class Mail. On December 18, 2013, Virtual's counsel sent the same documents to Hedera's contact address listed in the UDRP complaint, addressed to "Sven Henningson," identified in Virtual's papers as Hedera's "director." Virtual also emailed the documents to the general email and to Lindeskog's email, as listed on the UDRP complaint. In an email from Lindeskog dated December 18, 2013, she acknowledged the instant action had been filed, and again broached the subject of a settlement resolving the administrative complaint along with this action. Hedera did not return an executed waiver form prior to the filing of this motion.

**II. DISCUSSION**

**A. Service by Email**

Virtual seeks an order permitting service by alternative means under Rule 4(f)(3). Rule 4 "was designed 'to provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process'." *Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1061, at 216 (2d ed. 1987).) At the same time, due process requires that service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the

action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir.2002).

Rule 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. F.R.C.P. 4(h)(2). Rule 4(f)(3) permits service on individuals in a foreign country as follows: "Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States: ... (3) by other means not prohibited by international agreement, as the court orders." F.R.C.P. 4(f)(3). It is left "to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)," consistent with constitutional norms of due process. *Rio Properties,* 284 F.3d at 1016. While plaintiffs are not necessarily required to attempt service under Rule 4(f)(1) or (2) first, they must still make a factual showing justifying court approval of the alternative method. *Id.* at 1016. Thus, for instance, the Ninth Circuit has approved service on foreign defendants by email pursuant to Rule 4(f)(3) where the defendants were either unreachable by other means or had no known physical address. *Id.* at 1017. Where a plaintiff "presented the district court with its inability to serve an elusive international defendant, striving to evade service of process," it "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." *Id.* at 1016.

Virtual argues that, based upon the totality of the circumstances, service on Hedera by the alternate means of email would be sufficient. Virtual submits that: (1) Hedera's counsel in the administrative proceeding is aware of the lawsuit, as evinced in several emails; and (2) Virtual sent Hedera and Hedera's counsel waiver forms for the summons and complaint in this action via first class mail, FedEx, and email. Virtual further contends that requiring it to perfect traditional service upon Hedera would be a waste of time and money because Hedera is located in Sweden, "is fluent in English," is represented by counsel fluent in English (both in Sweden and within this District), and has shown a preference to communicate via email with Plaintiff and its counsel.

3

Virtual has not shown that the alternative means of service it proposes – service on Hedera's counsel's email and on Hedera's general "info@stabletable.se" email—is reasonably calculated under all the circumstances to apprise Hedera of the lawsuit. While service by email may be appropriate in certain circumstances, it is generally approved only after a showing that a traditional means of service were attempted or were not reasonably possible. *Cf. Facebook, Inc. v. Banana Ads, LLC*, C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) (service by email appropriate where company was involved in commercial internet activities, communicated by email, and "Facebook has demonstrated that it has made attempts to serve the Defendants at physical addresses that proved unsuitable for service"); *Williams-Sonoma Inc. v. Friendfinder Inc.*, C06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) (email service approved where attempted to effect service but unable to do so due to incorrect physical addresses or refusal to accept); *Aevoe Corp. v. Pace*, C 11-3215 MEJ, 2011 WL 3904133 (N.D. Cal. Sept. 6, 2011) (mailings to defendant returned, no response to phone calls, could not be located by investigator, unsuccessful attempts at personal, substitute, and mail service); *Balsam v. Angeles Tech. Inc.*, C06-04114 JFHRL, 2007 WL 2070297 (N.D. Cal. July 17, 2007) (unable to serve by traditional means because contact information provided to domain name registrars was incorrect, and each package served to the listed addresses was "undeliverable" or or the party refused to sign for it).

Here, Virtual has a physical address for Hedera, but has not attempted to serve the summons and complaint at that address. Indeed, the only reasons offered by Virtual for not attempting service at this address is the cost of translating the complaint and summons in Swedish ($1,215, according to counsel's declaration), and unspecified costs of service via Sweden's Central Authority consistent with Hague Convention requirements. Hedera apparently knows about the existence of the instant action. Indeed, Virtual tried, unsuccessfully, to stay the decision on Hedera's UDRP complaint based on the pendency of this action. (*See* McCann Dec., Exh. H at 3-4.) However, Virtual has not shown that it made reasonable efforts to apprise Hedera of the summons and complaint by way of service at Hedera's known physical address or by other, usual means. While service by those usual means is not *required* in order to establish a basis for alternative service, good cause for a court order to serve by alternative means is. Virtual cannot

4

merely leapfrog over those means authorized by the Hague Convention or other usual methods deemed to be "reasonably calculated to give notice," as stated in Rule 4(f)(1) and (2), without a sufficient reason to do so.

### B. Request for Costs of Service

Virtual also seeks expenses incurred in making service under Rule 4(d)(2), including attorneys' fees in connection with this motion. As stated in Rule 4(d)(2), such expenses may be required to be paid when "a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States." Thus, by its terms, the provision does not apply to a defendant located in a foreign country. Virtual offers no authority that would permit it to obtain its attorneys' fees or costs in these circumstances.

### III. CONCLUSION

Accordingly, the Motion for Alternative Service is **DENIED**. This order is without prejudice to a renewed motion based upon additional evidence.

This terminates Docket No. 11.

**IT IS SO ORDERED**.

Date: April 29, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**