UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRTUAL POINT, INC.**,<br>　　　　Plaintiff,<br>　　v.<br>**HEDERA AB**,<br>　　　　Defendant. | Case No. 13-cv-05690-YGR<br><br>**ORDER SHOW CAUSE RE: DISMISSAL;**<br>**ORDER DENYING STIPULATION TO GRANT**<br>**MOTION TO WITHDRAW (DKT. NO. 40)**<br><br>Re: Dkt. No. 39, 40 |

## **ORDER TO SHOW CAUSE**

**TO PLAINTIFF VIRTUAL POINT, INC. AND ITS COUNSEL OF RECORD, MIKE RODENBAUGH OF RODENBAUGH LAW:**

You are **ORDERED TO SHOW CAUSE** on **Tuesday, February 24, 2015, at 2:00 p.m.** in Courtroom 1, United States Federal Courthouse, 1301 Clay Street, Oakland, California, why this action should not be dismissed without prejudice. Counsel of record has moved to withdraw, which would leave Plaintiff Virtual Point, Inc., a corporation, unable to proceed.

The Court **ORDERS** that a client representative for Plaintiff Virtual Point, Inc. personally appear.

Counsel Mike Rodenbaugh shall serve a copy of this Order to Show Cause on Plaintiff Virtual Point, Inc. and shall file proof of service no later than **January 30, 2015**.

## **FURTHER ORDERS**

Counsel Mike Rodenbaugh of Rodenbaugh Law ("Counsel") has moved to withdraw as counsel of record for Plaintiff Virtual Point, Inc., a corporation ("Plaintiff"). (Dkt. No. 39.) Local Rule 11-5 of the Northern District's Civil Local Rules requires that written notice be given reasonably in advance to the client and to all other parties who have appeared in the case. Withdrawing counsel must also indicate how the client can be notified going forward from the withdrawal. Local Rule 11-5 provides that when no substitute counsel has appeared or agreement

1  of the client to proceed pro se (inapplicable here), withdrawal may be conditioned upon counsel
2  and the client to continued service on withdrawing counsel for forwarding purposes.

3      Counsel's declaration states that, two weeks before the filing of the motion to withdraw, he
4  informed Plaintiff in writing that his firm "is prepared to withdraw as counsel." (Rodenbaugh
5  Dec. ¶ 1.) However, Counsel has not yet filed a proof of service indicating that he served the
6  motion on Plaintiff. Further, neither the motion nor the accompanying declaration addresses the
7  question of how Plaintiff can be notified once counsel withdraws.

8      Counsel is **ORDERED** to submit a declaration detailing the manner in which he has
9  attempted to contact Plaintiff and any efforts he may have made to confirm that the address at
10 which he has attempted to contact Plaintiff is current. Counsel is referred to California Judicial
11 Council Form MC-052 which, while not required here, sets forth pertinent information on this
12 issue.

13     In light of these issues, the Court **CONTINUES** the pending motion to dismiss, currently set
14 for February 24, 2015, to **April 21, 2015 at 2:00 p.m.** The case management conference,
15 currently set for February 23, 2015, is **CONTINUED** to **May 11, 2015, 2:00 p.m.**

16     **IT IS SO ORDERED.**

17 Dated: January 26, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

2